IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3057 |
| vs. | |
| DIWANCHA SHONTALL BROWN, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 88).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report (filing 88). Specifically, the defendant objects to the career offender guideline, U.S.S.G. § 4B1.1, and "suggests this Court should join the growing number of federal courts that give U.S.S.G. § 4B1.1 considerably less deference when fashioning an appropriate sentence." Filing 89 at 1-2 (citing *United States v. Newhouse*, ___ F. Supp. 2d ___, 2013 WL 346432 (N.D. Iowa, Jan. 30, 2013); *United States v. Woody*, No. 8:09-cr-382, 2010 WL 2884918 (D. Neb., July 20, 2010)). But the Court understands the authority relied upon by the defendant to stand for the limited proposition that "where a defendant is a low-level, non-violent drug addict," § 4B1.1 "has the potential to overstate the seriousness of a defendant's record and [his or] her risk of reoffending . . . ." *Newhouse*, 2013 WL 346432, at *28; *see also Woody*, 2010 WL 2884918, at *7.

In other words, the question appropriately posed by the defendant's objection is whether § 4B1.1, in combination with the other applicable Guidelines, would make a within-Guidelines sentence excessive when this defendant's individual history and characteristics are considered. Accordingly, the Court will overrule the defendant's objection, but will consider his argument in the context of the "overarching" instruction of § 3553: "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," considering, among other things, "'the history and characteristics'" of *this* defendant. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting § 3553(a)).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

      supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.     Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.     Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

      Dated this 17th day of June, 2013.

                                      BY THE COURT:

                                    John M. Gerrard
                                    United States District Judge