IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>DIWANCHA SHONTALL BROWN,<br><br>               Defendant. | 4:12-CR-3057<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 153) filed by the defendant, Diwancha Shontall Brown. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

      A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be

summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

Brown was charged on May 22, 2012 with a single count of conspiring to distribute 280 grams or more of crack cocaine. Filing 1. He pled guilty. Filing 60; filing 61; filing 67; filing 68. He had two relevant prior convictions: Nebraska state convictions for possession with intent to deliver a controlled substance, and for assault in the first degree. Filing 93 at 12-14. So, the presentence report (PSR) concluded that Brown was a career offender. Filing 93 at 8, 16. In the end, based on a total offense level 34 and criminal history category VI, the PSR found a guideline imprisonment range of 262 to 327 months. Filing 93 at 26; filing 94 at 1.

Brown, through counsel, objected to application of the career offender guideline. Filing 89. The Court overruled the objection, filing 90 at 2, and imposed a sentence of 262 months' imprisonment, filing 96 at 2. The Court's judgment was entered on July 15, 2013. Filing 96. Brown did not appeal. The present § 2255 motion was filed on January 11, 2018. Filing 153.

## DISCUSSION

Brown's § 2255 motion presents three claims: that (1) assault in the first degree is no longer a crime of violence for purposes of career offender status, (2) possession with intent to deliver is no longer a predicate offense for career offender status, and (3) he received ineffective assistance of counsel in

failing to object to drug quantities. Filing 152 at 4-7. But the initial question is whether Brown's claims are timely. A § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). And Brown's claims are over 3 years late.

Anticipating that problem, Brown relies on *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* holds that a claim of actual innocence can overcome the statute of limitations for a habeas claim. *Id.* at 392. And Brown says he is asserting a claim of actual innocence. Filing 153 at 12.

The problem is that he's *not* asserting a claim of actual innocence. Such a claim is cognizable "only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (cleaned up) (citing *Schlup v. Delo*, 513 U.S. 298, 316 (2013)). Brown alleges nothing that can be read to support such a claim. His claims are all predicated on alleged defects in his sentencing, and advance no claim that he is actually innocent of the crime to which he pled guilty. Nor does he proffer any explanation for his admission, in connection with his guilty plea, of the conduct underlying his conviction. *See* filing 67 at 18-19; *see also Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997) (representations during plea-taking carry strong presumption of verity).

Even had Brown advanced an actual innocence claim, the Court is not convinced it would save his other claims. It is not persuasive to think that an actual innocence claim can serve as a Trojan Horse to slip other, less extraordinary claims past the gate of the statute of limitations. But here, Brown has not alleged even that much. All his claims are clearly time-barred.

And even if considered on the merits, Brown's claims are insufficient. He offers no explanation for why the predicate offenses for his career offender

status are purportedly no longer predicate offenses, nor any explanation for why even if that was true, those changes would be retroactive. And his claim to have been deprived of effective assistance of counsel based on failure to object to drug quantity fails as well, for at least two reasons. First, he admitted to the quantity reflected in the PSR's drug quantity calculation. *See* filing 67 at 18-19; filing 93 at 7. And second, his guideline sentencing range was based on his career offender status, not drug quantity, so he could not have been prejudiced by a failure to object. *See* filing 93 at 8.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1.  The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 153) is denied.

2.  The Court will not issue a certificate of appealability in this matter.

3.  A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 13th day of April, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge